**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| TERRY MOYE | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 9:14-cv-00058-KFG |
| | § | |
| CREDIT PROTECTION ASSOCIATION | § | |
| Defendant. | § | |

**DEFENDANT CREDIT PROTECTION ASSOCIATION'S ORIGINAL ANSWER**

COMES NOW, Credit Protection Associations (hereinafter "Defendant"), through counsel of record, and files its Original Answer to Plaintiff's Complaint. The paragraph numbers below correspond with the paragraph numbers contained in Plaintiff's Complaint:

**I.**
**NATURE OF ACTION**

1. Defendant admits Plaintiff has made allegations against it under various statutes. Defendant denies that it violated any of those statutes.

2. Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 2.

3. Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 3.

4. Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 4.

5. Defendant admits Paragraph 5.

6. Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 6.

7. Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 7.

8. Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 8.

9.     Defendant admits that it attempts to collect debt in general but is without sufficient information to form a belief necessary to determine whether it engaged in "communications" as defined in 15 U.S.C. §1692a(2).

10.    Defendant admits to attempting to collect the Debt but Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 10.

11.    Defendant denies it uses an "ATDS" as defined by the TCPA. Defendant is without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 11.

12.    Defendant denies that all facts are in context. However, not all dialers meet the statutory definition of an ATDS.

13.    Upon information and belief Defendant believes Plaintiff in fact had an account with the original creditor. This paragraph is denied. Defendant denies it uses an "ATDS" as defined by the TCPA. Defendant alleges Plaintiff gave consent to be called.

14.    Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 14.

15.    Defendant denies Paragraph 15.

16.    Defendant denies Paragraph 16.

17.    Defendant denies Paragraph 17.

18.    Defendant denies Paragraph 18.

19.    Defendant denies Paragraph 19.

20.    Defendant incorporates all preceding Paragraphs.

21.    Defendant denies Paragraph 21.

22.    Defendant denies Paragraph 22.

23.    Defendant denies Paragraph 23.

24.    Defendant denies Paragraph 24.

25.    Defendant denies Paragraph 25.

26.    Defendant incorporates all preceding Paragraphs.

27. Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 27.

28. Defendant admits Paragraph 28.

29. Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30.

31. Defendant incorporates the preceding Paragraphs.

32. Defendant denies it used an ATDS; and is without sufficient information to form a belief necessary to admit or deny Plaintiff was called on a cell phone.

33. Defendant denies Paragraph 33 is a complete or accurate statement of the law.

34. Defendant denies Paragraph 34.

35. Defendant denies Paragraph 35.

36. Defendant denies Paragraph 36.

37. Defendant denies Paragraph 37.

38. Defendant incorporates the preceding Paragraphs.

39. Defendant admits Paragraph 39 but denies it violates 47 U.S.C. 227.

40. Defendant denies Paragraph 40.

41. Defendant denies Paragraph 41.

42. Defendant denies Paragraph 42.

43. Defendant denies that Plaintiff is entitled to the relief sought in its Prayer for Relief.

### III.
### AFFIRMATIVE DEFENSES

44. Plaintiff has failed to state a cause of action upon which relief can be granted.

45. Plaintiff has failed to mitigate damages, if any.

46. Plaintiff's damages, if any, are the result of a preexisting condition.

47. Any violation, if it occurred, is a result of a bona fide error.

48. Plaintiff's damages complained of are the result of the actions of a third party.

49. Plaintiff consented to the actions of Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant, respectfully prays that Plaintiff take nothing herein, that said Defendant be dismissed with its costs, and all other and further relief, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Robbie Malone_____
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631
*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 30th day of July, 2014 to:

Jenny DeFrancisco
CT Bar No. 432383
Lemberg Law LLC
1100 Summer Street
3rd Floor
Stamford, CT 06905
203/653-2250
203/653-3424 (fax)

/s/ Robbie Malone_____
ROBBIE MALONE